New York County.—Hon. D. G. ROLLINS, Surrogate.—July, 1885.

## KINNAN *v.* CARD.

*In the matter of the judicial settlement of the account of* Mary E. Card, *as administratrix, with the will of* Alexander P. W. Kinnan, *deceased, annexed.*

Testator, by his will, having given the income of the residue to his wife for life, devised and bequeathed, after the death of the latter, one fourth of the estate to each of three children, P., A. and S., their heirs and assigns ; adding : "And in the case of the death of either of my said children, leaving issue, *before becoming entitled to his or her portion,* I give and devise the same to the issue of such child *living at the time of my death,* to be divided," etc. A. and S. died during the widow's lifetime, each leaving a child born before the death of the testator, and another born thereafter. The widow having died, a question arose as to the rights of the after-born grandchildren under the provisions of the will.—

*Held,* (1) that the words first italicized referred to becoming *entitled* to possession, and not in interest ; (2) that the latter italicized clause qualified "issue," and not "child" ; and (3) that, therefore, the shares of A. and S., respectively, belonged to their children in being at the death of the testator.

The Act, L. 1875, ch. 542—providing that payments of every description, made payable or becoming due at fixed periods, under any instrument executed, or (if a will) that shall take effect, after the passage thereof, shall be apportioned, upon the death of any person interested—does not apply to interest upon investments made under the will of one dying before the date indicated, though the instruments of security were executed thereafter.

CONSTRUCTION of will, upon judicial settlement of account of administratrix with said will annexed. The facts appear sufficiently in the opinion.

WORK & McNAMEE, *for administratrix.*

M. MASTEN, *trustee of Peter Kinnan, in person:*

Income accrued, but not due, follows the estate from which it is derived, and belongs to such estate upon the death of the life tenant (Irving v. Rankine, 13 *Hun,* 147; Marshall v. Moseley, 21 *N. Y.,* 280). L. 1875, ch. 542, has no application.

THE SURROGATE.—By the fourth article of his will, this testator gave his wife the income of his entire residuary estate for life.

The fifth article is in part as follows: "After the death of my said wife I give and devise the one equal fourth part of my estate, real and personal, to my son Peter, his heirs and assigns, and one other equal fourth part thereof to my son Alexander, his heirs and assigns, and one other equal fourth part thereof to my daughter Sophia, her heirs and assigns; and in the case of the death of either of my said children, leaving issue, before becoming entitled to his or her portion, I give and devise the same to the issue of such child living at the time of my death, to be divided among them, share and share alike," etc.

The testator left, him surviving, his widow and four children, among whom were the three designated by name as beneficiaries in the provision above quoted. Two of those three, Alexander and Sophia, died in the lifetime of the widow, each leaving two children. One

of Sophia's children was born after the death of the testator, so also was one of Alexander's; the other children were in being at the date of the will. The life estate was terminated in May last by the decease of the widow. The accounts of the administratrix, c. t. a., have since been presented for settlement, and I am now asked to determine upon the facts above stated what persons are entitled to share in the distribution.

The question is simply this: Are the two grandchildren born since the death of the testator entitled to share in this estate under the fifth article of the will, or should the two one fourth parts primarily given to Sophia and Alexander be paid respectively to the son of the one and the daughter of the other who were in being when their grandfather died ?

In the first place, what is the meaning of the phrase, "before becoming entitled to his or her portion ? " Does it mean entitled in interest, or entitled to possession ? If the former, then the problem of distribution is solved at once ; for, upon that interpretation, both Alexander and Sophia, at the death of the testator, straightway took vested interests, respectively, in one fourth of the remainder after the termination of the life estate. Upon that interpretation, therefore, the contingency has not arisen for which the testator made provision. If, on the other hand, the words, "entitled to his or her portion," must be construed as meaning—entitled to possession, it will become necessary to ascertain the force and signification of the words that follow. The latter of the two constructions seems to me more natural and sensible, and its correct-

ness is supported by authority (see Chorley v. Love-band, 33 *Beav.*, 189; Turner v. Gosset, 34 *Beav.*, 593) Taking "entitled," therefore, to signify "entitled to possession," we find that the testator has made sub-stantially this provision: "If my son Peter or my son Alexander or my daughter Sophia shall die in the lifetime of my wife, and shall leave issue, then the share which would have gone to such son or daughter, had he or she lived to take it, shall go to the issue of such child living at my death."

Now, do the last four words qualify the word "issue" or the word "child"? If they qualify "child," they are either utterly ineffectual and un-necessary, or they are fraught with divers absurdities and contradictions, some of which are pointed out in the brief of counsel for the accounting party. It is more consistent with the grammatical structure of the sentence to treat the word "living" as limiting the word "issue," and such interpretation is, perhaps, open to no objection more serious than this—that it involves a somewhat singular purpose on the testa-tor's part of so limiting the class of persons who should share in his bounty in the character of "issue" of children deceased as to exclude all persons save such as should be in being at the date of his own death. Such a purpose, however, is neither unintel-ligible nor absurd. I feel bound to hold, therefore, that the one fourth interest primarily given to the testator's son Alexander must be paid to his grand-daughter, Elizabeth E. Burnham, and that the one fourth primarily given to his daughter Sophia must be paid to his grandson Alexander.

Another question arises upon the settlement of these accounts.   The funds of the estate are invested in bonds, mortgages and other securities upon which interest becomes due at fixed periods.   The life tenant died May 10th, 1885, and not long after her death six months' interest fell due on certain bonds and mortgages belonging to the estate.   Does any portion of that interest belong to the representative of such life tenant?

A similar question is presented as to the proper disposition of interest on certain other investments in the hands of the accounting party.

It is claimed, by one of the counsel in this proceeding, that these matters must be adjusted in accordance with the provisions of the Apportionment act of 1875 (L. 1875, ch. 542).   That act declares that " all rents reserved on any lease granted after the passing of this act, and all annuities, dividends, and other payments of every description, made payable, or becoming due, at fixed periods, under any instrument executed after the passing of this act, *or (being a last will and testament) that shall take effect after the passage of this act,* shall be apportioned so that on the death of any person interested," etc.

Now, this testator died in 1854, and in that year his will was admitted to probate and " took effect." I hold that the statute just cited has therefore no application to the case at bar.   The " instrument" to which it refers is the instrument which gives the right to receive (in the present case a will), and not that which creates the obligation to pay (Knight v. Boughton, 12 *Beav.*, 312).   The respective claims of the

life tenant's representative and of the remaindermen must, therefore, be determined as if the statute of 1875, had never been enacted; and it follows that no part of the income which has fallen due since the death of Mrs. Kinnan belongs to her representatives (Irving v. Rankine, 13 *Hun*, 147; affi'd 79 *N. Y.*, 636; Tyrrell v. Clark, 2 *Dr.*, 92; Franks v. Noble, 12 *Ves.*, 484; Sherrard v. Sherrard, 3 *Atk.*, 502; Longworth's Estate, 23 *L. J.*, *Ch.*, 104; Marshall v. Moseley, 21 *N. Y.*, 280).